UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNEDY SHULER,

       Petitioner,

v.                        Case No: 5:12-cv-258-Oc-29PRL

WARDEN, FCC COLEMAN - USP
II,

       Respondent.

_____

## <u>ORDER OF DISMISSAL</u>

This case is before the Court on an amended petition for habeas corpus relief filed by Kennedy A. Shuler ("Petitioner") pursuant to 28 U.S.C. § 2241 (Doc. 15, filed June 13, 2012). At the time he filed the amended petition, Petitioner was a prisoner at the Federal Correctional Complex in Coleman, Florida. <u>Id.</u> Petitioner asserted that his current detention exceeded that imposed by the sentencing court and that the Bureau of Prisons incorrectly changed his "sentence from concurrent to consecutive by reactivating an eleven month [sentence] the parole commission had given [him] credit for[.]" (Doc. 15 at 6-7). Petitioner also contended that he was inappropriately singled out for discipline in violation of due process. <u>Id.</u> at 7-8. He sought release from prison and expungement of incident reports. <u>Id.</u> at 8.

Subsequent to filing his amended petition, Petitioner filed a progress report with the Court indicating that he had been

released from prison with "[n]o supervision to follow" (Doc. 26, filed May 30, 2014). As a result, Petitioner was ordered to show cause why the instant petition should not be dismissed as moot (Doc. 27). The order was sent to both Petitioner's address of record and to the address listed as his "release residence" on his progress report. Id. Petitioner did not respond to the order. Mail was returned to the Court as undeliverable on July 27, 2015. No updated address has been received.

## I.  **Background**

Petitioner initiated this action on May 16, 2012 by filing a "Motion to Modify and Clarify Sentence Computation Data" in the Orlando Division of the Middle District of Florida (Doc. 1). The Court construed Petitioner's motion as a habeas petition, and transferred the case to the Ocala Division on May 22, 2012 (Doc. 4). Petitioner was ordered to file an amended petition on the appropriate 28 U.S.C. § 2241 form (Doc. 9).

Petitioner filed an amended petition on June 13, 2012 (Doc. 15). In the amended petition, he again urged that he was serving an illegal sentence and expanded his claims to argue that Respondent's disciplinary actions against him were "arbitrary and capricious" in violation of due process. Id. at 7-8. Petitioner sought release from confinement and expungement of his incident reports. Id. at 8.

Respondents were ordered to show cause why the petition should not be granted (Doc. 18).  In the show cause order, Petitioner was directed to advise the Court of his current mailing address at all times, especially if he was released from custody. Id.  In response to the amended petition, Respondent argued *inter alia* that Petitioner was not entitled to habeas relief because: (1) he had not exhausted his administrative remedies as to any of the issues raised in the petition; (2) his sentence was computed correctly; and (3) he had received all required due process during his disciplinary hearings (Doc. 22, filed September 12, 2012). Petitioner did not file a reply.

On May 30, 2014, Petitioner filed a progress report with the Court indicating that he was released from prison and is not subject to any terms of supervised release (Doc. 26); see also http://www.bop.gov/inmateloc/ (indicating that Petitioner was released from BOP custody on February 3, 2014).  Subsequently, mail sent to Petitioner was returned undelivered.

## II.  Analysis

If a petitioner is released from imprisonment subsequent to his filing a habeas petition, he must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution. Mattern v. Sec'y for Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir. 2007).  Whether an action is moot is a jurisdictional matter. United States Parole Comm'n

v. Geraghty, 445 U.S. 388, 395–96 (1980); Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).   Thus, if an event after the filing of the lawsuit deprives "the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Throughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted).

The United States Supreme Court has determined that an incarcerated convict's challenge to the validity of his conviction always satisfies Article III's case-or-controversy requirement because the incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Spencer, 523 U.S. at 7.   However, if a convict attacks only the validity of his sentence, "some concrete and continuing injury other than the now-ended incarceration," some "collateral consequence" of the conviction must exist if the suit is to be maintained after the convict's release. Id. (citing Carafas v. LaVallee, 391 U.S. 234 (1968)).

Here, Petitioner did not attack his underlying conviction for assault with significant bodily injury (Doc. 22-1 at 2-15).

Rather, he merely disagreed with the Bureau of Prisons about the correct starting date of his eighteen-month sentence.  His object in bringing this habeas action was his immediate release from incarceration.  Because Petitioner has already been released, there is no longer a case or controversy to litigate.  A favorable decision on the merits would not entitle him to any additional relief, and therefore, he no longer has a personal stake in the outcome.  See Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action).

Petitioner never responded to the order to show cause why his case should not be dismissed as moot, and thus does not allege that he may be subject to future adverse or "collateral" consequences due to any delay in his release.  Even if he did make such an allegation, the mere possibility of future consequences is too speculative to give rise to a case or controversy. See Graham, 732 F.2d at 850 (potential that petitioner would face the same regulations if he returned to prison was "too speculative for adjudication.").  Likewise, Petitioner does not urge that his request for expungement of incident reports presents a case or

controversy.  <u>See</u> <u>Bailey</u>, 821 F.2d 277 at 279 (request for expungement of prison disciplinary record rendered moot by prisoner's release from incarceration; mere possibility of future consequences was too speculative to give rise to case or controversy); <u>Vandenberg v. Rodgers</u>, 801 F.2d 377, 378 (10th Cir. 1986) (case moot upon Petitioner's release from prison because "the possibility that Mr. Vandenberg might be subjected to future adverse consequences because of his incident report is too speculative.")' <u>Scott v. Schuykill, FCI</u>, 298 F. App'x 202 (3d Cir. 2008) (Petitioner's assertion that his discipline report for fighting could adversely affect his future classification was too speculative to demonstrate collateral consequences).  Because there is no longer an active case or controversy, the instant petition must be dismissed as moot.

Finally, given that Petitioner has effectively abandoned this case and failed to notify the Court of his new address, leaving the Court and Respondent with no means to communicate with him, dismissal of this action for failure to prosecute is warranted. <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) of the Federal Rules of Civil Procedure not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

ACCORDINGLY, it is hereby **ORDERED:**

1.   The amended petition for writ of habeas corpus filed by Kennedy A. Shuler (Doc. 15) is **DISMISSED** without prejudice because this Court no longer has jurisdiction to consider it. Alternatively, the petition is dismissed due to Petitioner's failure to prosecute.

2.   The **Clerk of Court** is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   30th   day of July, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record